IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF ILLINOIS
                   EASTERN DIVISION

MARTIN ERLANDSON,                )
                                 )
              Plaintiff,          )
                                 )
     v.                          )    No.  11 C 1931
                                 )
WALTER KUBALANZA, et al.,        )
                                 )
              Defendants.        )

                        MEMORANDUM ORDER

     Martin Erlandson ("Erlandson") has filed a self-prepared

Complaint against Lake County, Illinois ("County") and five

individuals who occupy various positions in the real estate

assessment food chain--all the way from the former assessor for

the County's Grant Township up to a hearing officer in the State

of Illinois' Property Tax Appeal Board.  Erlandson alleges a

number of asserted violations of <u>state</u> law that took place in the

assessment of the five-acre-plus parcel of real estate on which

his home is situated, but he seeks to enter the federal

courthouse door by invoking 42 U.S.C. §1983, 1985 and 1986.[1]

     As always with cases newly assigned to its calendar, this

Court looks first to the existence or nonexistence of federal

subject matter jurisdiction--as stated a quarter century ago in

<u>Wis. Knife Works v. Nat'l Metal Crafters</u>, 781 F.2d 1280, 1282

(7th Cir. 1986):

---

     [1]  All further references to Title 42's provisions will
simply take the form "Section--."

> The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged.

And the same teaching that a district court must be a self-starter in that regard has been stated almost as succinctly in Wernsing v. Thompson, 423 F.3d 732, 743 (7th Cir. 2005):

> Jurisdiction is the power to declare law, and without it the federal courts cannot proceed. Accordingly, not only may the federal courts police subject matter jurisdiction sua sponte, they must.

To begin the jurisdictional analysis, then, both Section 1985 and its related Section 1986 require a showing of animus based on race or some other invidious class-based animus, so that those sections are not really in play here. But even if they were, Erlandson would still have to point to a constitutional violation by defendants, so what is said hereafter as to his Section 1983 claim would torpedo those other claims as well.

As for Section 1983, Erlandson claims that the various defendants' actions denied his constitutional right to equal protection under the law. But our Court of Appeals (like the Supreme Court) does not cotton to the notion that federal courts sit as super-zoning or super-assessment boards entitled to sit in review of the decisions of state administrative bodies (after all, the state courts are open to, and fully capable of handling, challenges of the type advanced by Erlandson here). That perspective on the Court of Appeals' part has often been manifested by the severe restrictions they impose on so-called

2

"class of one" equal protection claims in similar areas--see, e.g., Srail v. Vill. of Lisle, 588 F.3d 940, 944 (7th Cir. 2009) and LaBella Winnetka, Inc. v. Vill. of Winnetka, 628 F.3d 937, 941-42 (7th Cir. 2010).

If the matters about which Erlandson seeks to complain were considered to have established a violation of the constitutional guaranty of equal protection of the laws, virtually every homeowner could point to the assessment of another homeowner's parcel as more favorable under the standards applied by the assessor and thereby transform the federal courts into serving as the sort of super-administrative body that they were never intended to be. Most recently the Supreme Court has weighed in on the threshold standard for pleading in a pair of cases (now regularly paired by references to the "Twombly-Iqbal" standard) that have added the test of "plausibility" to the mix. Erlandson's Complaint does not rise to that level.[2]

In brief, Erlandson has not advanced a plausible constitutional claim as required by the Twombly-Iqbal doctrine. Hence this action is dismissed, without prejudice of course to Erlandson's ability to present his claims (as to which this Court

---

[2] This Court will regularly grant leave to a plaintiff to return to the drawing board to cure some procedural flaw. But here the defect is substantive and cannot be undone by a restatement of the claim.

expresses no substantive views) in the state court system.

_____
Milton I. Shadur
Senior United States District Judge

Date: March 23, 2011